UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Tracy Partington, | Civil Action No.: 1:17-cv-1197 |
| Plaintiff, | |
| v. | |
| Hunter Warfield, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff Tracy Partington, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff Tracy Partington ("Plaintiff") is an adult individual residing in Austin, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Hunter Warfield, Inc. ("Hunter Warfield") is a Maryland business entity with an address of 96931 Arlington Road, Suite 400, Bethesda, Maryland 20814, operates as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

6. Plaintiff allegedly incurred a financial obligation ("Debt") to an original creditor ("Creditor").

7. The Debt arose from services provided by the Creditor, which were primarily for family, personal, or household purposes, and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned, or transferred to Hunter Warfield for collection, or Hunter Warfield was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Hunter Warfield Engages in Harassment and Abusive Tactics**

10. Within the last year, Hunter Warfield began calling Plaintiff in an attempt to collect the Debt.

11. On or around July 26, 2017, Plaintiff completed and submitted a form on Hunter Warfield's website in which she requested that Hunter Warfield stop calling her and contact her only through United States mail.

12. In complete disregard of Plaintiff's written cease and desist request, Hunter Warfield continued to call Plaintiff.

C. **Plaintiff Suffered Actual Damages**

13. Plaintiff suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

2

14. As a direct consequence of Defendant's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant's conduct violated 15 U.S.C. § 1692c(c) in that Defendant contacted Plaintiff after having received written notification from Plaintiff to cease communication.

17. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

18. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a telephone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

19. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

## COUNT II

### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, *et al.*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

22. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

23. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

24. Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

25. Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendant for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations, in an amount to be determined at trial for Plaintiff;
8. Punitive damages; and
9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 22, 2017

        Respectfully submitted,

        By:  */s/ Sergei Lemberg*

        Sergei Lemberg, *Attorney-in-Charge*
        Connecticut Bar No. 425027
        LEMBERG LAW, LLC
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Email: slemberg@lemberglaw.com
        Attorneys for Plaintiff